**CARIBE LUMBER & TRADING CORP., et al., Plaintiffs**

v.

**ALBERT L. TERWILLEGER, Defendant**

Civil No. 132-1966

District Court of the Virgin Islands

Div. of St. Croix

May 31, 1967

*See, also, 268 F.Supp. 532*

---

JOHN MARSH, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiffs*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for defendant*

GORDON, *District Judge*

## MEMORANDUM OPINION

Defendant appeals from the judgment of the Municpal Court of the Virgin Islands, Division of St. Croix, in the above case in favor of all of the plaintiffs and against the defendant. Defendant asserts six errors on his appeal.

In reviewing appellant's assignment of error that the Municipal Court refused to dismiss plaintiffs' actions per defendant's motion, this Court determines as follows:

### WITH RESPECT TO MIDLAND EQUITY CORPORATION

There is no testimony of a contract between defendant and plaintiff, Midland Equity Corporation, nor is there evidence that Felty acted as agent for defendant nor that defendant agreed to answer for the debt or default of Felty (Title 28 V.I.C. § 244, requiring that that type of obligation to have been in writing). There is no liability on the part of defendant with respect to plaintiff, Midland Equity Corporation.

### WITH RESPECT TO THE GANNET CORPORATION

There is no testimony of a contract between defendant and plaintiff, The Gannet Corporation, nor is there evidence that Felty acted as agent for defendant nor that defendant agreed to answer for the debt or default of Felty (Title 28 V.I.C. § 244, requiring that that type of obligation to have been in writing). There is no liability on the part of defendant with respect to plaintiff, The Gannet Corporation.

### WITH RESPECT TO CARIBE LUMBER AND TRADING CORPORATION

The Court does find that the evidence shows no basis to establish a principal-agent relationship between defendant and Felty. Restatement of the Law, Second, Agency 2nd, § 27, requires that the third person be caused to believe that

the principal consents to have the act done on his behalf by a person purporting to act for him. There is no evidence that the plaintiff believed or was caused to believe that Felty acted on defendant's behalf.

Transcript p. 13.

Transcript p. 17.

Transcript p. 18.

Transcript p. 19.

Defendant's Exhibit D—Invoices to Felty.

Defendant's Exhibit B & C—Plaintiff, Caribe Lumber and Trading Corp. to defendant referring to the account of Mr. Bert Felty.

There is evidence, however, in writing to establish that defendant agreed to answer for any debt or default of Felty that might occur between Felty and plaintiff, Caribe Lumber and Trading Corporation, the supplier of material (Defendant's Exhibit A). Restatement of the Law, Security, § 82 (esp. § 82(g) and p. 238 illustration 4), § 83(a). Transcript references and exhibits set forth, supra. However, Defendant's Exhibit A contains therein a condition precedent to defendant's obligation, that condition precedent being that defendant receive in New York the bills signed by Felty. Restatement of the Law, Contracts, § 250(a). The issue then arises as to who (Caribe Lumber and Trading or Felty) was to forward the said signed bills. The wording of Exhibit A being ambiguous, the determination of who was to perform the condition precedent must be based upon the intent of the parties as set forth by their discussions, actions and the circumstances composing the transaction. Mr. Garcia, the manager of plaintiff Caribe Lumber and Trading Corporation, testified that he did not recall discussing the wording of Exhibit A (Tr. 15) with defendant. Defendant testified that Mr. Garcia was to send the signed bills for payment (Tr. 79). The purpose of having Mr. Felty sign the invoices was to satisfy defendant

that the material to be paid for was in fact delivered. If, as plaintiff Caribe Lumber and Trading Corporation asserts, Mr. Felty was to have forwarded the bills so that defendant knew what amounts should be paid, it would have been duplicious to require Mr. Felty to sign the invoices. The mere receipt from Mr. Felty of invoices to be paid by defendant would have been a sufficient arrangement as between defendant and Mr. Felty. There was no testimony nor were there exhibits to substantiate this theory.

However, if the intent was to have plaintiff, Caribe Lumber and Trading Corporation, send the invoices it would logically have been necessary to have Mr. Felty's signature thereon to substantiate receipt of the goods by Mr. Felty (especially in view of the fact that said payments were to be set off against the construction contract). In addition, the circumstances show that it would be to the more immediate interest of plaintiff, Caribe Lumber and Trading Corporation, to expedite and insure the forwarding of the invoices than Mr. Felty, since it was said plaintiff who had parted with its goods and was awaiting payment for said goods. This theory of the interpretation is substantiated by defendant's testimony cited supra. Further substantiation is found in the fact that the conditions precedent to forward the invoices for payment is found in the surety agreement between plaintiff, Caribe Lumber and Trading Corporation, and defendant. If it were intended that Mr. Felty was to sign and forward the invoices it would have been mere surplusage to place those conditions in the surety contract—conditions which under that theory plaintiff would have no control over. Exhibit A arose out of plaintiff's desire to assure payment. There being no testimony nor other evidence in favor of plaintiff, Caribe Lumber and Trading Corporation's, theory and there being testimony, Exhibit A and the logic of the circumstances

composing the transaction in favor of the position that plaintiff, Caribe Lumber and Trading Corporation, was to perform the condition precedent. The Court can only come to one conclusion and that being that plaintiff, Caribe Lumber and Trading Corporation, was to have forwarded the invoices as a condition precedent to receiving payment.

██ ██ There is no dispute regarding the fact that the invoices were not forwarded for payment and that defendant paid Mr. Felty. Plaintiff, Caribe Lumber and Trading Corporation, was guilty of a lack of diligence in not having forwarded the invoices prior to defendant having paid Mr. Felty. Plaintiff, Caribe Lumber and Trading Corporation, is equitably estopped from now looking to defendant for payment. Where a party is guilty of lack of diligence he may be estopped on the principle that he must take the consequences of his own acts which mislead others to act to their injury. 28 Am. Jur. 2nd Estoppel and Waiver, p. 683. Judgment will be reversed and this cause remanded with instructions to enter judgment dismissing the complaint of this plaintiff as to the defendant.

### WITH RESPECT TO MASONRY PRODUCTS, INC.

The fact situation in this cause of action is much the same as that in the cause of action of Caribe Lumber and Trading Corporation (except as to alleged damages). For the reasons set forth above in this opinion re the cause of action of plaintiff, Caribe Lumber and Trading Corporation, the judgment in this cause of action is reversed and this cause remanded with instructions to enter judgment dismissing the complaint of plaintiff, Masonry Products, Inc., as to the defendant.